IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Jesus David Villegas Velasquez, | ) ) ) | |
| Petitioner, | ) ) ) ) | |
| v. | ) ) ) | No. 25 C 13359 |
| Samuel OLSON, Field Office Director of Enforcement and Removal Operations, Chicago Field Office, Immigration and Customs Enforcement, U.S. DEPARTMENT OF HOMELAND SECURITY; Unknown Warden of the Broadview ICE Facility; Kristi NOEM, Secretary, U.S. Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; Pamela BONDI, U.S. Attorney General. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Respondents. | ) | |

## Order

Petitioner Jesus David Villegas Velasquez is a Venezuelan national who arrived in the United States approximately two years ago and sought asylum from persecution in his home country. He has been detained since October 31, 2025, without an opportunity to seek release in a bond hearing before an immigration judge. Before me is his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he seeks either immediate release from

custody or an order directing respondents to provide him with a bond hearing. For the reasons that follow, I grant the petition and issue a conditional writ requiring a bond hearing within five days.

Like hundreds of others who have found themselves in circumstances similar to petitioner's in the wake of the Board of Immigration Appeals' decision in *In re Yajure Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025), Mr. Villegas argues "that he is entitled to a bond hearing because his detention arises under 8 U.S.C. § 1226—a type of detention that allows for a bond hearing—instead of under the mandatory-detention provision of 8 U.S.C. § 1225(b)(2)(A)." *Sumba v. Crowley*, No. 1:25-CV-13034, 2025 U.S. Dist. LEXIS 220641, at *6 (N.D. Ill. Nov. 9, 2025). This issue—though of recent vintage—is now well-trodden ground in this district. *See Sumba v. Crowley*, No. 1:25-CV-13034, 2025 U.S. Dist. LEXIS 220641, at *3 (N.D. Ill. Nov. 9, 2025) (citing cases).[1] And

---

[1] *See Ochoa Ochoa*, 2025 U.S. Dist. LEXIS 204142, 2025 WL 2938779; *H.G.V.U. v. Smith*, 2025 U.S. Dist. LEXIS 205993, 2025 WL 2962610 (N.D. Ill. Oct. 20, 2025); *Miguel v. Noem*, 2025 U.S. Dist. LEXIS 206990, 2025 WL 2976480 (N.D. Ill. Oct. 21, 2025); *Padilla v. Noem*, 2025 U.S. Dist. LEXIS 207945, 2025 WL 2977742 (N.D. Ill. Oct. 22, 2025); *Patel v. Crowley*, 2025 U.S. Dist. LEXIS 209958, 2025 WL 2996787 (N.D. Ill. Oct. 24, 2025); *Sanchez v. Olson*, 2025 U.S. Dist. LEXIS 211062, 2025 WL 3004580 (N.D. Ill. Oct. 27, 2025); *Corona Diaz v. Olson*, 2025 U.S. Dist. LEXIS 213312, 2025 WL 3022170 (N.D. Ill. Oct. 29, 2025); *Loza Valencia v. Noem*, 2025 U.S. Dist. LEXIS 215007, 2025 WL 3042520 (N.D. Ill. Oct. 31, 2025); *Rosales Ponce v. Olson*, 2025 U.S. Dist. LEXIS 215010, 2025 WL 3049785 (N.D. Ill. Oct. 31, 2025); *Flores v. Olson*, 2025 U.S. Dist. LEXIS 215939, 2025 WL 3063540 (N.D. Ill. Nov. 3, 2025); *Galvis Cortes v. Olsen*,4

because all agree that the instant petition and response raise no issues materially distinct from those adjudicated favorably to respondents in thorough and thoughtful opinions by my colleagues—I confine my discussion to a brief statement of the reasons I follow suit.

As to respondents' threshold argument that I lack subject matter jurisdiction over Mr. Villegas's petition, Judge Harjani recently observed that "[d]istrict courts across the country have almost uniformly" rejected this argument. *Ramirez v. Noem*, No. 25 C 13651, 2025 WL 3227341, at *1 (N.D. Ill. Nov. 19, 2025) (citing cases). Judge Chang, too, recently explained why none of the jurisdiction-stripping provisions of the Immigration and Nationality Act on which respondents rely applies to petitions such as Mr. Villegas's. *See Sumba v. Crowley*, No. 1:25-CV-13034, 2025 U.S. Dist. LEXIS 220641, at *2-*3 (N.D. Ill. Nov. 9, 2025).[2]

---

2025 U.S. Dist. LEXIS 215932, 2025 WL 3063636 (N.D. Ill. Nov. 3, 2025); *D.E.C.T. v. Noem*, 2025 U.S. Dist. LEXIS 215934, 2025 WL 3063650 (N.D. Ill. Nov. 3, 2025); *Arizmendi v. Noem*, 2025 U.S. Dist. LEXIS 218000, 2025 WL 3089107 (N.D. Ill. Nov. 5, 2025); *Mirzoev v. Olson*, 2025 U.S. Dist. LEXIS 218871, 2025 WL 3101969 (N.D. Ill. Nov. 6, 2025); *Pacheco Carrillo v. Noem*, 2025 WL 3101993 (N.D. Ill. Nov. 6, 2025); *Garcia Rios v. Noem*, 2025 U.S. Dist. LEXIS 219930, 2025 WL 3124173 (N.D. Ill. Nov. 7, 2025); *Munoz Arredondo v. Olson*, 2025 U.S. Dist. LEXIS 219921, 2025 WL 3124149 (N.D. Ill. Nov. 7, 2025).

[2] It is not clear whether respondents reassert here the ripeness and exhaustion arguments they have raised in previous cases, but to the extent they do so, those arguments, too, have been roundly rejected. *See Ramirez* 2025 WL 3227341, at *3, n. 3 (N.D. Ill. Nov. 19, 2025) (citing cases).

As to the merits of the parties' dispute over whether § 1226 or § 1225 governs Mr. Villegas's detention, Judge Shah's discerning analysis of the issue is persuasive. *See Corona Diaz v. Olson*, No. 25 CV 12141, 2025 WL 3022170, at *3-*6 (N.D. Ill. Oct. 29, 2025) (acknowledging "some logical force" to respondents' argument but concluding, based on statutory interpretation, conventional use of English verbs, Supreme Court precedent, and the government's own conduct, that an "applicant for admission" is distinct from an "alien seeking admission"; and that because the petitioner was appropriately considered the former but not the latter, the mandatory detention provision of § 1225(b)(2)(A) did not apply).

For the foregoing reasons, I grant Mr. Villegas's petition and issue a conditional writ of habeas corpus and order respondents to provide him a bond hearing within five days of the date of this order.

                              **ENTER ORDER:**

                              *[signature]*
                              **Elaine E. Bucklo**
                          United States District Judge

November 21, 2025